UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NITETEK LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>EVBOX NORTH AMERICA INC.,<br><br>Defendant. | CASE NO. 1:21-cv-04738-DLC<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**EVBOX'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant EVBox North America Inc. ("EVBox" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Nitetek Licensing LLC ("Plaintiff" or "Nitetek") Complaint for Patent Infringement ("Complaint"). EVBox denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**PARTIES**

1.      EVBox is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.      EVBox admits it is a corporation organized and existing under the laws of New York, and that it maintains a place of business at 1930 Innovation Way, Suite 200, Libertyville, Illinois 60048.

**JURISDICTION**

3.      EVBox admits that the Complaint purports to set forth an action for infringement under 35 U.S.C. § 1, et seq., but EVBox denies it has committed or is committing acts of

1

infringement and denies Plaintiff is entitled to any relief. EVBox denies any remaining allegations in Paragraph 3 of the Complaint.

4. EVBox admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but EVBox denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. EVBox denies any remaining allegations in Paragraph 4 of the Complaint.

5. EVBox does not contest whether personal jurisdiction over it properly lies in this District in this action. EVBox denies it has committed and/or is committing acts of infringement and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

## VENUE

6. EVBox does not contest that venue may be proper in this District in this action. EVBox denies it has committed or is committing acts of infringement and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## PATENT-IN-SUIT

7. EVBox is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

## THE '783 PATENT

8. EVBox admits that the purported copy of the '783 Patent that is attached to the Complaint as Exhibit 1 indicates that it issued on 12/09/2003, and it is entitled "CDMA transmission apparatus." EVBox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. EVBox denies the allegations in Paragraph 9 of the Complaint.

## COUNT I
## ([ALLEGED] INFRINGEMENT OF '783 PATENT)

10. EVBox incorporates by reference Paragraphs 1–9 above.

11. EVBox denies the allegations in Paragraph 11 of the Complaint.

12. EVBox denies the allegations in Paragraph 12 of the Complaint.

13. EVBox denies the allegations in Paragraph 13 of the Complaint.

14. EVBox denies the allegations in Paragraph 14 of the Complaint.

15. EVBox denies the allegations in Paragraph 15 of the Complaint.

## [PLAINTIFF'S] JURY DEMAND

16. EVBox is not required to provide a response to Plaintiff's request for a trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

EVBox denies the Plaintiff is entitled to any relief from EVBox and denies the allegations contained in Paragraphs (A)-(E) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

EVBox's Affirmative Defenses are listed below. EVBox reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

EVBox has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '783 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '783 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C.

§§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '783 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that EVBox's actions allegedly infringe the '783 Patent, EVBox is not liable to Plaintiff for the acts alleged to have been performed before EVBox received actual notice that it was allegedly infringing the '783 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that EVBox indirectly infringes, either by contributory infringement or inducement of infringement, EVBox is not liable to Plaintiff for the acts alleged to have been performed before EVBox knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the '783 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by EVBox.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that EVBox makes, uses, or sells each claimed element of any asserted claim, or that EVBox directs or controls another entity to make, use, or sell any element that is not made, used, or sold by EVBox.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '783 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or method practiced by EVBox: "selects as the spreading code for asymmetric communications, a hierarchic orthogonal type spreading code which is a spreading code of a hierarchy which contains spreading codes of a longer length than spreading codes used for symmetric communication lines and is orthogonal to spreading codes used for other asymmetric communication lines," as required by Claim 3 of the '783 Patent; or includes "a base station apparatus spreading known reference signals and transmission power control bits by spreading codes with a length that is longer than spreading codes used for symmetric communications, and transmitting spreaded known reference signals and a spreaded transmission power control bits at a lower transmission rate than a transmission rate when symmetric communications are performed," as required by Claim 4 of the '783 Patent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '783 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and

287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## THIRTEENTH AFFIRMATIVE DEFENSE

Should EVBox be found to infringe any valid, enforceable claim of the '783 Patent, such infringement was not willful.

## EVBOX'S COUNTERCLAIMS

For its counterclaims against Plaintiff Nitetek Licensing LLC ("Plaintiff" or "Nitetek"), Counterclaim Plaintiff EVBox North America, Inc. ("EVBox"), alleges as follows:

## PARTIES

1. Counterclaim Plaintiff EVBox North America Inc. is an entity organized and existing under the laws of New York that maintains its principal place of business at 1930 Innovation Way, Suite 200, Libertyville, Illinois 60048.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Nitetek Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6001 W Parmer Ln, Ste 370, 1070 Austin, TX 78727.

## JURISDICTION

3. EVBox incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*,

and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Nitetek has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Nitetek's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. EVBox incorporates by reference Paragraphs 1–6 above.

8. Based on Nitetek's filing of this action and at least EVBox's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether EVBox infringes U.S. Patent No. 6,661,783 (the "'783 Patent").

9. EVBox does not infringe at least Claims 3 and 4 of the '783 Patent because, *inter alia*, no system employed or method practiced by EVBox: "selects as the spreading code for asymmetric communications, a hierarchic orthogonal type spreading code which is a spreading code of a hierarchy which contains spreading codes of a longer length than spreading codes used for symmetric communication lines and is orthogonal to spreading codes used for other asymmetric communication lines," as required by Claim 3 of the '783 Patent; or includes "a base station apparatus spreading known reference signals and transmission power control bits by spreading codes with a length that is longer than spreading codes used for symmetric communications, and transmitting spreaded known reference signals and a spreaded transmission power control bits at a lower transmission rate than a transmission rate when symmetric communications are performed," as required by Claim 4 of the '783 Patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, EVBox requests a declaration by the Court that EVBox has not infringed and does not infringe any claim

of the '783 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. EVBox incorporates by reference Paragraphs 1–10 above.

12. Based on Nitetek's filing of this action and at least EVBox's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '783 Patent.

13. The asserted claims of the '783 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos 5,963,548A; 6,031,827A; and 6,377,817B1.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., EVBox requests a declaration by the Court claims of the '783 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, EVBox asks this Court to enter judgment in EVBox's favor and against Nitetek by granting the following relief:

a) a declaration that the '783 Patent is invalid;

b) a declaration that EVBox does not infringe, under any theory, any valid claim of the '783 Patent that may be enforceable;

c) a declaration that Nitetek take nothing by its Complaint;

d) judgment against Nitetek and in favor of EVBox;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award

to EVBox of its costs and attorneys' fees incurred in this action; and

    g)        further relief as the Court may deem just and proper.

## **JURY DEMAND**

EVBox hereby demands trial by jury on all issues.

Dated: July 6, 2021

                                      **FISH & RICHARDSON P.C.**

By: */s/ Excylyn J. Hardin-Smith*
     Excylyn J. Hardin-Smith (EHS7780)
     hardin-smith@fr.com
     7 Times Square, 20th Floor
     New York, New York 10036
     Tel: (212) 765-5070
     Fax: (212) 258-2291

     Neil J. McNabnay (*pro hac vice* forthcoming)
     Ricardo J. Bonilla (*pro hac vice* forthcoming)
     Rodeen Talebi (*pro hac vice* forthcoming)
     1717 Main Street, Suite 5000
     Dallas, Texas 75201
     (214) 747-5070 (Telephone)
     (214) 747-2091 (Facsimile)
     mcnabnay@fr.com
     rbonilla@fr.com
     talebi@fr.com

     **COUNSEL FOR DEFENDANT**
     **EVBOX NORTH AMERICA INC.**