

**Gawthrop Greenwood, PC**
*Attorneys at Law*

**David W. deBruin**
302-777-5353 ext. 227
302-777-5299 fax
ddebruin@gawthrop.com

August 18, 2021

**BY CM/ECF & FIRST-CLASS MAIL**
The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl St., Room 1910
New York, NY 10007-1312

Re:   *Nitetek Licensing LLC v. EVBox North America Inc.,* C.A. No: 1:21-cv-04738-DLC

Dear Judge Cote:

     I write as directed by Your Honor's Order of August 16, 2021 [D.I. 22]. Prior to August 10th there were multiple correspondence and discussions with my client, Plaintiff Nitetek Licensing LLC ("Plaintiff") regarding how to meet all of the requirements set forth in this Court's August 4, 2021 Order [D.I. 18].

     Starting on August 3, 2021, I began discussing with my client the content of an amended complaint. We were simultaneously discussing the terms of a draft settlement proposal. One major complicating factor here was that my client contact went on vacation starting on August 7, 2021, and had very limited phone and internet access. On August 9, 2021, after internal discussion and analysis, a settlement proposal was agreed upon on. On the morning of August 10, 2021, that settlement proposal was sent to counsel for Defendant EvBox North America, Inc. ("Defendant").

     On the morning of August 11, 2021, I called and emailed opposing counsel inquiring about Defendant's response to Plaintiff's settlement proposal and expressed my palpable concern about not expressly meeting the Court's deadline. Opposing counsel advised that she was reviewing the settlement proposal with her client and would get back to me. Opposing counsel sent a counter settlement proposal with additional terms after the close of business on the evening of August 11, 2021. On the morning of August 12, I forwarded the counter settlement proposal to my client and attempted to reach my client contact by phone and email to discuss this matter but was not able to make contact.

     On August 13, 2021, I was finally able to contact my client and discuss the counter settlement proposal. Immediately thereafter, I advised opposing counsel that the additional terms of the counter settlement proposal were accepted and thus, we had reached an agreement in principle. I asked opposing counsel to please electronically file the previously discussed joint stipulation to stay deadlines. Not getting a response, I then drafted a proposed joint stipulation to

stay deadlines and sent it to opposing counsel. I asked if Defendant's counsel would agree to file the stipulation before 4:30pm on August 13, 2021, because if not, I felt that I would have to electronically file a letter myself with the Court to explain the current status of the matter and the apparent delinquency on my part to fully comply with [D.I. 18]. I got no response and thus, I ended up filing a letter to Your Honor at 4:23pm [D.I. 21].

With regard to retaining local counsel, in every communication with my client between August 4th and August 10th we discussed the need to find new local counsel pursuant to [D.I. 18]. On August 6, before leaving for vacation, my client contact thought that he had located new local counsel. However, that lawyer ultimately declined the representation after my client contact went on vacation. Thus, an amended complaint was drafted but Plaintiff was not able to get new local counsel in place in order to e-file that amended complaint.

Despite the best efforts of my client and myself contacting many lawyers and many law firms, the specter of potential sanctions hangs like the Sword of Damocles and rightfully scares lawyers and law firms alike. In fact, Plaintiff was unable to get new local counsel in place until earlier today. To that end, should Your Honor ultimately choose to impose any sanctions on Plaintiff or Plaintiff's counsel in this matter, please exclude the highly skilled and respected trial attorney Mr. James Kramer, Esquire and the esteemed law firm of Simmons Hanly Conroy as they have not had a hand in any aspect of this case prior to agreeing to act as new local counsel this morning. Mr. Kramer will be filing an entry of appearance, and along with opposing counsel, the joint stipulation to stay all deadlines nunc pro tunc while the parties finalize the documentation of the settlement agreement.

With regard to Plaintiff's counsel moving to be admitted *pro hac vice*, Local Rule 2090-1(b) of the United States District Court for the Southern District of New York requires a certificate of good standing from the state and federal courts in which I am currently admitted to practice law, *i.e.*, Delaware, Pennsylvania, and New Jersey. On August 3, 2021, I mailed out all three requests for certificates of good standing. As of today's date, I have only received back the certificate of good standing from the State of Delaware. I am still waiting on the certificates of good standing from the States of Pennsylvania and New Jersey. Upon receipt of those two certificates, a motion to admit me *pro hac vice* will be filed by new local counsel.

Counsel are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

*/s/David W. deBruin*
David W. deBruin

cc:     Counsel of Record (by CM/ECF)